UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>              Plaintiff,<br><br>     v.<br><br>K.H., J.H., and R.H.,<br><br>              Defendants. | No. 2:14-cv-01549-TLN-DB<br><br>**ORDER** |
| R.H., by and through her Guardians ad litem J.H. and K.H., and K.H., individually,<br><br>              Counterclaimants,<br><br>     v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>              Counterclaim Defendant. | |

Plaintiff Sacramento City Unified School District ("Plaintiff") initiated this action on June 30, 2014.  (Compl., ECF No. 1.)  Plaintiff sought partial reversal of a California Office of Administrative Hearings ("OAH") decision between Plaintiff and Defendants K.H., J.H., and R.H. (jointly "Defendants") pertaining to claims arising under the Individuals with Disabilities

1

1 Educations Improvement Act ("IDEA").  Defendants filed an answer and counterclaims on
2 September 8, 2014, seeking review of the same parts of the OAH decision and bringing claims
3 under Section 504 of the Rehabilitation Act of 1973.  (ECF No. 11.)  Both parties moved for
4 summary judgment based on the administrative record.  (See ECF Nos. 18 & 19.)  The Court
5 issued an Opinion on October 7, 2016, affirming the OAH decision, but denying Defendant's
6 motion for summary judgment as to the Section 504 counterclaims.  (ECF No. 32.)  On
7 November 7, 2016, the parties filed a Joint Supplemental Status Report in which they disagreed
8 as to the standing of the Section 504 claims in light of the Court's October 7 Opinion.  (ECF No.
9 33.)  Plaintiff contends that the Court's Opinion resolved the Section 504 claims.  On the other
10 hand, Defendants assert that the Section 504 claims remain unresolved and the Court should issue
11 a scheduling order to proceed with the case.

12   In its October 7 Opinion, the Court found that "Defendants have not provided evidence of
13 a deliberate indifference in Sacramento's actions."  (ECF No. 32 at 33.)  For this reason, the
14 Court denied Defendants' motion for summary judgment.  Plaintiff notes that in the original Joint
15 Status Report (ECF No. 16) Defendants agreed to rely solely on the administrative record in this
16 case for its counterclaims.  Thus, Plaintiff contends that the Court's finding that Defendants failed
17 to show deliberate indifference based on the administrative record effectively resolves the claims
18 in Plaintiff's favor.  (ECF No. 37 at 3.)  However, that is not the case.  Had the Court intended to
19 resolve the Section 504 claims in Plaintiff's favor, the Court would have said so in its Opinion.
20 Instead, the Court explicitly stated it "denie[d] Defendants' motion for summary judgement."
21 Denying a motion for summary judgment does not automatically resolve the claims in the
22 opposing parties' favor.  Nor will the Court read such an outcome into its previous order.  The
23 Section 504 claims remain unresolved and the Court will issue a scheduling order at a later date
24 based on the dates submitted by the parties in their Joint Supplemental Status Report (ECF No.
25 33).

26   As a separate issue, Defendants filed a Proposed Judgment for the IDEA claims on
27 December 13, 2016.  (ECF No. 36.)  Plaintiff filed an opposition and objections to the Proposed
28 Judgment on December 20, 2016.  (ECF No. 37.)  First, Plaintiff contends that the Section 504

claims are resolved and therefore the proposed judgment is incomplete. (ECF No. 4.) As the Court noted above the Section 504 claims remain unresolved and this argument is moot. Second, Plaintiff asserts that the interest is incorrectly calculated and Defendants provide no justification for the amount of interest listed in the proposed judgment. (ECF No. 37 at 4–7.) While the Court appreciates Plaintiff's arguments, it is more disconcerting that Plaintiff claims that Defendants never provided Plaintiff with an opportunity to review and consider the proposed judgment before filing it with the Court. The Court believes that the issues Plaintiff raises in is opposition may have been resolved had Defendants first provided Plaintiff with an opportunity to comment on the proposed judgment. Accordingly, the Court orders the parties to meet and confer to discuss and attempt to resolve their differing views on calculating any potential interest owed. The parties shall file a joint proposed judgment within fourteen (14) days of this order. If the parties are unable to reach an agreement, the parties shall instead file a joint statement explaining their positions. Upon review of the joint statement, the Court may order additional briefing if necessary.

    IT IS SO ORDERED.

Dated: January 10, 2017

Troy L. Nunley
United States District Judge